NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

:
VISHAL MEHTA,                              :
        Plaintiff,                  :
                                    :
                                    :  Civil Action No. 07-0667 (SRC)
        v.                          :
                                    :  OPINION
JOHN THOMPSON, District Director of        :
the USCIS Newark, NJ District Office et al.,:
                                    :
        Defendants.                 :

**CHESLER, District Judge**

      This matter comes before the Court on the motion to dismiss for lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1), by Defendants John Thompson and Robert S. Mueller (collectively, "Defendants"). For the reasons stated below, this motion will be granted.

BACKGROUND

      The following facts are not in dispute. Plaintiff Vishal Mehta is a native of India who arrived in the United States on or about August 28, 2004. Plaintiff subsequently filed an I-485 application for adjustment of status. In December of 2006, Plaintiff inquired about the status of his I-485 application, and the United States Citizenship and Immigration Service ("USCIS") responded in writing that his application was pending security clearances. On February 14, 2007, Plaintiff filed the Complaint in the instant case in this Court, requesting that the Court order Defendants to render a decision on his application. Plaintiff's Complaint alleges subject matter jurisdiction pursuant to 28 U.S.C. § 1361 (mandamus), 5 U.S.C. § 702 (the Administrative

Procedure Act), and the Immigration Nationality Act. Defendants have filed a motion to dismiss for lack of subject matter jurisdiction.

## I. STANDARD FOR A MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a civil action for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Under Rule 12(h)(3), the court is required to dismiss the action whenever it appears that the court lacks subject matter jurisdiction. FED. R. CIV. P. 12(h)(3). The plaintiff bears the burden of establishing subject matter jurisdiction. *Carpet Group Int'l v. Oriental Rug Importers Ass'n*, 227 F.3d 62, 69 (3d Cir. 2000). On a 12(b)(1) motion, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id*.

## II. DISCUSSION

Defendants contend that this Court lacks subject matter jurisdiction to compel the USCIS to act on Plaintiff's I-485 application. This Court recently decided a very similar case, *Qiu v. Chertoff*, 2007 U.S. Dist. LEXIS 35334 (D.N.J. 2007), and held that this Court does not have subject matter jurisdiction to compel the USCIS to act on a pending I-485 application. The reasoning underlying that decision will be repeated here only in summary form.

As Defendants observe, the authority of the Attorney General to adjust the status of an alien to permanent residence status is found in 8 U.S.C. § 1255(a), which provides that:

> The status of an alien who was inspected and admitted or paroled into the United States . . . *may* be adjusted by the Attorney General, *in his discretion* and under such regulations *as he may prescribe*, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2)

>the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a) (emphases added).[1] Thus, the Attorney General does not owe any non-discretionary duty to an applicant under this statute. Moreover, 8 U.S.C. § 1252(a)(2)(B) prohibits judicial review of the Attorney General's discretionary actions relating to the adjustment of a plaintiff's immigration status:

>no court shall have jurisdiction to review– . . . (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this title [8 USCS §§ 1151 et seq.] to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 208(a) . . .

8 U.S.C. § 1252(a)(2)(B). Because Plaintiff's I-485 application seeks an adjustment of status pursuant to 8 U.S.C. § 1255(a), and such applications may be granted by the Attorney General in his or her discretion, 8 U.S.C. § 1252(a)(2)(B)(ii) expressly removes from this Court's subject matter jurisdiction the review Plaintiff seeks.

Plaintiff next argues that the agency's inaction is not within the scope of the 8 U.S.C. § 1252(a)(2)(B) exclusion. The scope of this provision extends, however, to "any other decision or action." This appears to have an extremely broad reach, and it encompasses the slow processing of applications. Certainly Plaintiff provides no authority to support the argument that slow processing is not within the scope of "any . . . action." The gist of Plaintiff's complaint is that the government is moving very slowly, which is an action excluded from judicial review by 8

---

[1] It should be noted from the outset that, while the text of 8 U.S.C. § 1255(a) refers to the Attorney General as the official who may grant an adjustment of status, the authority to adjudicate applications for adjustment of status has been transferred to the Secretary of Homeland Security and the USCIS. *See* 6 U.S.C. §§ 271(b)(5), 557. However, for ease and consistency, this Opinion refers to the Attorney General's discretion under § 1255(a).

U.S.C. § 1252(a)(2)(B).

Because this Court finds that 8 U.S.C. § 1252(a)(2)(B) removes this case from this Court's jurisdiction, it need not reach Plaintiff's arguments about 8 U.S.C. § 1252(g).

Plaintiff contends that this Court also has jurisdiction to compel the agency to act under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702. Plaintiff concedes that the APA does not apply to agency action that is committed by law to the discretion of the agency,[2] pursuant to 5 U.S.C. § 701(a)(2), but argues that the agency's inaction here is not within the scope of this provision. Plaintiff tries to use case law to persuade this Court that he does not seek to compel actions which are committed by law to agency discretion, but he cannot succeed with this approach. The language of 8 U.S.C. § 1255(a), granting authority to the Attorney General to act on the I-485 application, plainly and expressly states that this is discretionary. No case law can write the plain meaning of "[t]he status of an alien . . . may be adjusted by the Attorney General, in his discretion" out of the authorizing statute. Judicial review is precluded by 5 U.S.C. § 701(a)(2).

Moreover, the APA limits judicial review to final agency actions. 5 U.S.C. § 704; *Pinho v. Gonzales*, 432 F.3d 193, 200 (3d Cir. 2005). Agency action that is "final" within the meaning of the statute "must mark the 'consummation' of the agency's decisionmaking process." *Bennett v. Spear*, 520 U.S. 154, 177-178 (1997). Plaintiff does not contend, nor could he reasonably, that a slowly moving application process awaiting completion constitutes a final agency action under *Bennett*. This Court has no jurisdiction over this case under the Administrative Procedure Act.

---

[2] The APA defines "agency action" to include a "failure to act." 5 U.S.C. § 551(13) (2006) ("'agency action' includes the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act").

The Complaint alleges that this Court has *mandamus* subject matter jurisdiction, pursuant to 28 U.S.C. § 1361, but Plaintiff's opposition brief does not make a *mandamus* argument. Having found that Plaintiff seeks to compel the Attorney General to perform a purely discretionary action, this Court could not exercise *mandamus* jurisdiction. The Third Circuit has explained that:

> in order for mandamus to issue, a plaintiff must allege that an officer of the Government owes him a legal duty which is a specific, plain ministerial act "devoid of the exercise of judgment or discretion." An act is ministerial only when its performance is positively commanded and so plainly prescribed as to be free from doubt.

*Harmon Cove Condominium Ass'n, Inc. v. Marsh*, 815 F.2d 949, 951 (3d Cir. 1987) (quoting *Richardson v. United States*, 465 F.2d 844, 849 (3d Cir.1972) (en banc) (citations omitted), *rev. on other grounds*, 418 U.S. 166 (1974)). Plaintiff does not allege that the Government owes him a legal duty to perform a specific ministerial act; this Court cannot exercise *mandamus* jurisdiction.

### III.   CONCLUSION

For the reasons stated above, this Court finds that it lacks subject matter jurisdiction over Plaintiff's Complaint. Defendants' motion to dismiss for lack of subject matter jurisdiction is **GRANTED**.

    s/ Stanley R. Chesler
    Stanley R. Chesler, U.S.D.J.

Date: May 22, 2007